SHAW, Judge.
The appellant is a domestic worker who customarily fills out her work week by allotting days to various employers. In November of 1978 she was employed on a once-a-week basis by Colonial Acres to perform general housecleaning chores normally confined to the main house and the office, but she was subsequently approached by Mr. Dennis, the general manager, and agreed to clean a house trailer previously occupied by a former maid. It was during this cleaning that she was injured.
The carrier defended the claim on the basis that the claimant was not within the definition of employment or employee as set forth in § 440.02, Florida Statutes; the claimant was a domestic servant, or in the alternative a casual laborer, or in the alternative an independent contractor.
The Deputy Commissioner made a finding that the appellant was a domestic worker in a corporate entity at the time of her injury, but denied benefits upon his further finding that at the time of the injury she was engaged in casual labor and, for that reason, not covered under Florida’s Workers’ Compensation Act. The obvious inference to be drawn from the Deputy’s order is that even though the claimant was an employee of Colonial Acres at the time of her injury she cannot recover benefits because her employment was casual. This is error. The disqualifying provision provides that the term “employee” shall not include a person whose employment is both casual and not in the course of the trade, business, profession, or occupation of the employer. Section 440.02(2)(d)2, Florida Statutes. It is the obvious intent of the statute that the disqualifying employment must be both casual and not in the course of the trade, business, profession, or occupation of the employer. Having found the claimant to be a domestic worker in the corporate entity, the Deputy cannot now deny her benefits on the sole basis that her employment was casual.
The order denying benefits is reversed thereby mooting issues raised in Points 1 and 3 and the cause is remanded to the Deputy Commissioner for further proceedings.
ERVIN, J., and WOODROW M. MELVIN (Ret.), Associate Judge, concur.